# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENISE MELOY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) NO. CIV-05-1503-HE |
| | ) |
| KEY ENERGY SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Asserting that the parties in this action are diverse and that the amount in controversy "will" exceed the sum of $75,000, defendant removed this action from the District Court of Woods County, State of Oklahoma. Upon review, the court concludes the case should be remanded to state court based on a lack of jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) ("In order for a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed [$75,000].") (citing 28 U.S.C. §1332(a)).

When determining jurisdiction, this court "'must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states.'" Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1339 (10th Cir. 1998)). The burden rests on the party requesting removal to demonstrate by at least a preponderance of the evidence that the court has jurisdiction. Martin, 251 F.3d at 1290. Because federal courts are courts of limited jurisdiction, the law imposes a presumption "'against removal jurisdiction.'" Martin, 251

F.3d at 1289 (quoting <u>Laughlin</u>, 50 F.3d at 873). Any doubts concerning removability must be resolved in favor of remand. <u>Martin</u>, 251 F.3d at 1290. When the amount in controversy is at issue, the court looks to the allegations of the complaint, or, where they are not dispositive, to the allegations contained in the notice of removal to determine whether or not the amount in controversy requirement has been met. <u>Laughlin</u>, 50 F.3d at 873.

In the present case, plaintiffs seek damages "in excess of $10,000.00" for each of their two claims.[1] This is insufficient to establish the requisite jurisdictional amount from the face of the complaint. <u>See</u> <u>Laughlin</u>, 50 F.3d at 873 (petition which merely alleged that the amount in controversy was in excess of $10,000 for each of two claims was insufficient to establish the requisite jurisdictional amount). <u>See also</u> <u>Huffman v. Saul Holdings Ltd. P'ship</u>, 194 F.3d 1072, 1077 (10th Cir. 1999) (requisite jurisdictional amount not satisfied when, based on the allegations of the complaint, defendant "could only guess as to whether the claim exceeded $75,000").

Where the amount in controversy cannot be determined from the face of the complaint, a court looks to the allegations in the notice of removal. A defendant must do more than simply speculate about the amount in controversy or make conclusory assertions about the amount in the notice of removal. Rather, it must set forth underlying facts supporting the assertion that over $75,000 is in issue. <u>Laughlin</u>, 50 F.3d at 873. In this case, defendant asserts, without any factual basis, that the amount in controversy will exceed

---

[1]*Plaintiffs bring claims for breach of contract and wrongful termination.*

$75,000, "based upon plaintiff's salary and benefit history and her contract claim." This is insufficient to establish the requisite jurisdictional amount by a preponderance of the evidence. Accordingly, this case is **REMANDED** to the District Court of Woods County, State of Oklahoma.

   **IT IS SO ORDERED**.

   Dated this 4th day of January, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE